William L. Miltner, Esq.
Walter E. Menck, Esq.
MILTNER POLK & MENCK, APC
Emerald Plaza
402 West Broadway, Suite 800
San Diego, California 92101
Telephone (619) 615-5333
Telefax (619) 615-5334

FILED
2012 APR -5 PM 2:00
CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY

Attorneys for Plaintiff LISA McCONNELL, INC., d.b.a. IMAGE ONE

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

LISA McCONNELL, INC., d.b.a. IMAGE ONE, a California Corporation,

Plaintiff,

v.

AT&T ADVERTISING, L.P. dba AT&T ADVERTISING SOLUTIONS, a limited partnership; YELLOWPAGES.COM LLC dba AT&T ADVERTISING SOLUTIONS, a limited liability company; AT&T ADVANCED AD SOLUTIONS, INC., a corporation; and, DOES 1-25, inclusive;

Defendants.

**Case No.:** '12CV0840 JAH DHB

**COMPLAINT FOR:**

**(1) COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §101, *et. seq.*;**
**(2) VICARIOUS COPYRIGHT INFRINGEMENT;**
**(3) CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND**
**(4) FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)**
**(5) UNFAIR BUSINESS PRACTICES**

**[PLAINTIFFS DEMAND JURY TRIAL PER F.R.C.P. 38]**

Plaintiff LISA McCONNELL, INC., d.b.a. IMAGE ONE (hereinafter referred to as "Plaintiff" or "IMAGE ONE") alleges against the above-named Defendants as follows:

**NATURE OF ACTION**

This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*; for trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a); and for related counts thereto.

## JURISDICTION

1. Jurisdiction is proper in this Court in that there is in issue a federal question concerning the infringement of various copyrights and trademarks, by virtue of 28 U.S.C. §§ 1331, 1338 and 1367.

## VENUE

2. Venue in this action properly lies in the Southern District of California under 28 U.S.C. §§ 1391 and 1400(a) as the Defendant has published infringing advertisements in the Southern District of California, and has derived significant income from advertisement sales to the public within this judicial district which relate to the infringement claims at issue herein.

## THE PARTIES

3. Plaintiff, LISA McCONNELL, INC., d.b.a. IMAGE ONE, (hereinafter "IMAGE ONE" or "Plaintiff") is, and at all times herein mentioned was, a California corporation duly organized and existing under and by virtue of the laws of the State of California with its principal place of business in the City of San Diego, County of San Diego, State of California.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, are and all times herein mentioned were, corporations duly organized and existing under and by virtue of the laws of the State of Georgia and were duly authorized to conduct business in the State of California. Hereinafter all named Defendants will be collectively referred to as "Defendants." On information and belief, all of the Defendants named herein have engaged in business within this judicial district related to the copyright infringing advertising in issue herein.

5. Defendants and each of them is an authorized agent acting for and or on behalf of each other defendant whereby each defendant is vicariously responsible for the acts of each and every other defendant in performing all acts as alleged herein.

## DEMAND FOR JURY TRIAL

6. Plaintiffs demand a jury trial.

\\\

\\\

\\\

**BACKGROUND FACTS**

7. Since 1993, IMAGE ONE has created and published unique and original images and composites, including advertisement templates, graphic designs, text and artwork, intended for use as a business.

8. IMAGE ONE pioneered and defined a new niche in the advertising industry in 1993. By combining high-end three-dimensional graphic art in yellow page advertising, IMAGE ONE created a new type advertisement in an old and familiar medium. These unique advertisements created by IMAGE ONE are the subject of this Complaint (herein after referred to as the "Subject Works.").

9. IMAGE ONE produces these high-end graphics for customers seeking to advertise by unique advertisements in the yellow page telephone directories and yellow pages websites. Utilizing original IMAGE ONE artwork and in a few instances, innovative and new derivations of images licensed to IMAGE ONE, IMAGE ONE creates new and original artwork to develop unique and distinct images which it then incorporates into templates for use in advertising.

10. IMAGE ONE, in the creation of its innovative advertisements, developed a new market in the yellow page advertising industry. Since IMAGE ONE's inception, any new competitors in this market have consistently looked to IMAGE ONE's artwork as the industry standard upon which all other work is measured.

11. The superior quality of IMAGE ONE's original and innovative artwork and its revolutionary impact on the yellow page industry is reflected in an independent study conducted by the Wharton School of Business on the impact of certain yellow pages designs in generating customer responses.

12. IMAGE ONE has complied in all respects with the copyright laws of the United States of America, Title 17 U.S.C. §§ 101, et seq. IMAGE ONE has secured the exclusive rights and privileges to the copyrights in approximately 451 templates and individual advertisements by properly registering the same with the United States Copyright Office as of the date of this Complaint. IMAGE ONE is in the process of registering, and plans to register, additional templates and individual advertisements which are also the subject of this action in view of

Defendants' continuing acts of infringement. All such registered templates and individual advertisements are hereinafter referred to as "Registered Works." IMAGE ONE has certificates of registration from the United States Copyright Office or holds copies of the registration forms with proof of mailing to United States Copyright Office for all of the Registered Works. Attached as Exhibits to the Notice of Lodgment filed concurrently herewith are true and correct copies identifying the templates and individual advertisements registered by IMAGE ONE with the United States Copyright Office.

13. IMAGE ONE currently is, and at all times relevant hereto was, the sole owner of all right, title, and interest in and to the copyright in the Subject and Registered Works. IMAGE ONE has produced and distributed the Subject and Registered Work in strict conformity with the provisions of the Copyright Act of 1976 and all other laws governing copyright.

14. IMAGE ONE's work circulates throughout the country in numerous phone books and on related internet yellow pages websites, giving Defendants access to IMAGE ONE's work. Many third parties acquire advertisements from IMAGE ONE which are then submitted to Defendants by IMAGE ONE for legitimate display and distribution. Defendants consequently had access and an opportunity to copy Plaintiff's work.

15. In a prior copyright infringement actions, IMAGE ONE filed suit against numerous defendants in the same industry, namely Defendants' GTE Directories Corporation and its subsidiaries ("GTE"); and Bell Atlantic Directory Services, Inc. and Bell Atlantic Yellow Pages Company (subsequently known as Verizon Directory Services, Inc. and Verizon Yellow Pages Company) ("Bell Atlantic/Verizon") in actions known as United States District Court, Southern District of New York Case No. 00 Civ. 0181 (GEL) and as United States District Court, Southern District of California, Case No. 97-CV-1259 JM (CGA). Such lawsuits became common knowledge throughout the yellow page publishing industry and their insurers. Said information gave Defendants time to remove Plaintiff's images from Defendants' directories. However, Defendants have continued to infringe, or have resumed infringing, Plaintiff's copyrights by copying the protected work.

\\\

16. In prior copyright infringement actions, IMAGE ONE filed suit against related companies, subsidiaries and or predecessors in interest, including Pacific Bell Directories, Southwestern Bell Advertising, LP, Southwestern Bell Yellow Pages, Inc, Ameritech Publishing Inc., Nevade Bell and SNET Information Services Inc. brought in the Federal District Court of the Northern District of California, Case # C001103CW; and, BellSouth Corporation, BellSouth Telecommunications, Inc and other entities brought in United States District Court, Northern District of Georgia, Case # 1:00-CV-0574-CC. These related companies, subsidiaries and or predecessors in interest agreed to seek to avoid illegal utilizations of any IMAGE ONE illustrations or artwork. Notwithstanding the express agreement to refrain from such conduct, the Defendants and each of them have engaged in the illegal conduct as alleged herein.

17. IMAGE ONE has established a specific protocol with the Defendants and each of them, whereby the Defendants were to avoid illegal use of IMAGE ONE artwork. Among the procedures developed by the Defendants in cooperation with IMAGE ONE was the transmission of a single page approval form from each Defendant to IMAGE ONE. In light of prior lawsuits and in recognition of the specific benefits of the use of IMAGE ONE artwork in directories, the Defendants agreed to and commenced use of this form by faxing or emailing to IMAGE ONE a request for permission to use IMAGE ONE artwork. Defendants gradually and intentionally discontinued use of this procedure. Defendants knew or should have known that the discontinuance of these procedures would and did directly lead to illegal use of IMAGE ONE artwork.

18. IMAGE ONE has reviewed a sampling of Defendants' paper telephone directories and yellow pages websites for the years 2009 through 2012 and determined that Defendants have been publishing advertisements within the most recent three years which IMAGE ONE believes, and based thereon alleges, infringe on IMAGE ONE's Registered Works (hereinafter referred to as "Infringing Works"). (Attached collectively as Exhibits to the Notice of Lodgment filed concurrently herewith are a list of the Infringing Works.)

19. To date IMAGE ONE has only been able to obtain only a percentage of the Defendants' directories and yellow pages websites that were published by Defendants throughout

the country during the most recent three year period, including parts of years 2009, through 2012. IMAGE ONE is informed and believes, and based thereon alleges, that based on the twenty six (26) infringements found to date, there are at least 300 infringements, including Infringing Works that remain undiscovered from the books that still need to be reviewed, with additional infringements on the aforementioned yellow pages websites.

20. The Infringing Works published by Defendants have appeared in telephone directories published throughout the United States and on the internet. IMAGE ONE is informed and believes, and based thereon alleges, that since at least as early as 2009 through 2012, Defendants have been reproducing, distributing, promoting and offering for sale, illegal and unauthorized copies of the Infringing Works.

21. IMAGE ONE is informed and believes, and based thereon alleges, that Defendants knowingly and willfully copied certain images of IMAGE ONE's Subject Works. IMAGE ONE is further informed and believes, and based thereon alleges, that Defendants copied the Subject and Registered Works for the specific purposes of infringing IMAGE ONE's copyrights and selling illegal and unauthorized copies of the Subject and Registered Works. Attached hereto collectively as exhibits to the Notice of Lodgment filed concurrently herewith are just a few examples of infringing advertisements created by Defendant. The images therein compare the Defendants' Infringing Works with IMAGE ONE Registered Works.

22. IMAGE ONE has identified three distinct types of infringing advertisements allegedly published by Defendants. IMAGE ONE has categorized these types of infringements as Types A, B, and C for the purposes of this litigation. Type A infringements are advertisements published by Defendants for businesses who are not IMAGE ONE clients and which unlawfully use IMAGE ONE's Registered Work. Type B infringements are advertisements that were created by IMAGE ONE for a client, but which have been illegally altered and republished by Defendants. Type C infringements are advertisements which utilize IMAGE ONE's Registered Work without permission by IMAGE ONE clients who have purchased a different template. These Type C infringements are not well done and thus harm IMAGE ONE's reputation and drastically reduce IMAGE ONE's business.

23. IMAGE ONE is informed and believes, and based thereon alleges, that Defendants are attempting to pass their advertisements off as if they are IMAGE ONE's in a manner calculated to deceive IMAGE ONE's customers and members of the general public. Defendants have copied the artwork in IMAGE ONE's copyrighted advertisements in an effort to make Defendants' infringing products confusingly similar to IMAGE ONE's.

24. The natural, probable and foreseeable result of Defendants' wrongful conduct has been to deprive, and it will continue to deprive, IMAGE ONE of the benefits of selling IMAGE ONE's Subject Works and its other products, to deprive IMAGE ONE of good will, and to injure IMAGE ONE's relations with present and prospective customers.

25. IMAGE ONE is informed and believes, and based thereon alleges, that it has lost, and will continue to lose, substantial revenues from the sale of the Subject and Registered Works and other products and will sustain damages as a result of Defendants' wrongful conduct and production and sale of the infringing advertisements. Defendants' wrongful conduct has also deprived and will continue to deprive IMAGE ONE of opportunities for improving the value of its goodwill.

26. IMAGE ONE is informed and believes, and based thereon alleges, that unless enjoined by this Court, Defendants intend to continue their course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from IMAGE ONE's copyright protected artwork and works derived from it.

27. As a direct and proximate result of the acts alleged above, IMAGE ONE has already suffered irreparable damage and has suffered lost profits. IMAGE ONE has no adequate remedy at law to redress all of the injuries that Defendants have caused and intend to cause by their conduct. IMAGE ONE will continue to suffer irreparable damage and sustain loss of profits until Defendants' actions alleged above are enjoined by this Court. In addition, as the direct and proximate result of the acts alleged above, Defendants, and each of them, have received profits resulting from their reduced costs in that they have failed to make payment to IMAGE ONE for the use of IMAGE ONE's work; and from increased sales in that they have held out said work as Defendants' own property and work thereby directing advertising traffic directly to Defendants that

otherwise would have gone to Plaintiff and to yellow pages publishers including but not limited to Defendants; and otherwise. In addition, Plaintiff has lost profits in that Plaintiff's business would have expanded its market greatly if Plaintiff had been able to offer Plaintiff's services as the unique source nationwide for Plaintiff's protected work, whereas Plaintiff has been unable to do so due to Defendants' offering Plaintiff's work as if it were Defendant's own work available without compensation to the artist, thereby causing harm to the reputation and market value of Plaintiff's work.

**COUNT I**

**(Copyright Infringement)**

28. IMAGE ONE incorporates by reference paragraphs 1 through 27 herein above as though the same were set forth in full herein.

29. IMAGE ONE produces high-end graphic advertisements for customers seeking to advertise through the yellow page telephone directories and yellow pages internet sites. These advertisements constitute IMAGE ONE's Subject and Registered Works.

30. The Subject and Registered Works are original creations expressed in artwork that is the exclusive and copyrighted property of IMAGE ONE. All copies, or derivations therefrom, are produced either directly by IMAGE ONE itself or, alternatively, under its authority or license. All such work has been published in conformity with the provisions of the Copyright Act, 17 U.S.C. § 101, et seq.

31. The Infringing Works thus far identified by IMAGE ONE have harmed IMAGE ONE's business reputation and drastically depleted its profits. In most cases, the Infringing Works consist of scanned copies or derivations of original IMAGE ONE artwork that fall well below the quality of the original work from which the illegal advertisements were taken. These poor reproductions have upset some of IMAGE ONE's current clients, and have caused IMAGE ONE to lose repeat business as well as new and potential clients that often mistakenly believe Defendants' advertisements are original IMAGE ONE artwork.

32. IMAGE ONE is informed and believes, and based thereon alleges, that Defendants knowingly and willfully copied IMAGE ONE's Subject and Registered Works. IMAGE ONE is

further informed and believes, and based thereon alleges, that Defendants copied the Subject and Registered Works for the specific purpose of infringing IMAGE ONE's copyrights and selling illegal and unauthorized copies of the Subject and Registered Works.

33. IMAGE ONE's work circulates throughout the country in phone books published by many different publishers, including Defendants' phone books. As such, Defendants have ready and easy access to IMAGE ONE's artwork.

34. Defendants' conduct infringes IMAGE ONE's exclusive copyrights in its original artwork in direct violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

35. As a direct and proximate result of Defendants' wrongful acts alleged above, IMAGE ONE seeks actual damages to compensate it for the loss of profits that Defendants have caused; to compensate it for the loss to the reputation and market value of Plaintiff's work that Defendants have caused; and to require Defendants to disgorge and turn over to Plaintiff all of the profits that Defendants have made as a result of their reduction in cost by virtue of having failed to compensate Plaintiff for Plaintiff's work. To date IMAGE ONE has discovered 15 advertisements published by Defendants that are in violation of IMAGE ONE's Registered Works. For these discovered infringements, on information and belief, and for purposes of this Complaint, Defendants have gained an estimated $500,000.00 in profits while IMAGE ONE has lost at least $55,395.00 in revenue for a total of $555,395.00 in actual damages. Based upon information and belief, in view of the percentage of Defendants' ads that IMAGE ONE has reviewed compared with those not yet reviewed, IMAGE ONE alleges that there were an estimated 274 additional violating advertisements that IMAGE ONE has not yet discovered, bringing the total to 300 estimated violating ads. IMAGE ONE is informed and believes, and based thereon alleges, the actual damages for the estimated 300 violating ads will be in excess of $4,500,000.

36. Alternatively, as a direct and proximate result of the acts alleged above, IMAGE ONE may instead elect to seek statutory damages under 17 U.S.C. § 504(c), in lieu of actual damages, to compensate it for the loss of profits that Defendants have caused based on Defendants' infringement of IMAGE ONE's federally registered works. To date IMAGE ONE has discovered 26 advertisements which entitle IMAGE ONE to statutory damages recovery. For each of the

statutory violations IMAGE ONE respectfully asserts that it is entitled to $150,000.00 per violation due to the willful nature of Defendants' infringement. Evidence of the intentional nature of the violations includes the Defendants knowledge of the prior lawsuits, and the numerous correspondences from Plaintiff to Defendants advising of the copyright protection in favor of the Plaintiffs over specific advertisements. The total statutory damages claimed on the 26 advertisements discovered by IMAGE ONE to date is thus $3,900,000. Based upon the fact that IMAGE ONE, to date, has only viewed a percentage of Defendants' total yellow pages books and internet ads, based upon information and belief, IMAGE ONE alleges that a total of approximately 274 additional advertisements remain undiscovered by IMAGE ONE, which together with the 26 discovered infringing advertisements, totals approximately 300 advertisements which are in violation of IMAGE ONE's federally registered artwork and will qualify for statutory damages. Accordingly, IMAGE ONE is informed and believes, and based thereon alleges, the damages for these undiscovered federally registered advertisements will total in excess of $5,000,000.

37. In addition to statutory damages or actual damage and lost profits, IMAGE ONE is entitled to the recovery of attorney's fees for the collection of its damage claim pursuant to 17 U.S.C. § 505.

38. Finally, as a result of Defendants' acts, IMAGE ONE has suffered, and continues to suffer, irreparable harm and injury as a result of Defendants' conduct as it did not benefit from the sale of these designs. In many cases the poor quality of the reproductions produced an advertisement appearing far below IMAGE ONE's standards and is reflecting negatively on its products and services. Accordingly, IMAGE ONE has no adequate remedy at law, and is entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of infringement of IMAGE ONE's original artwork.

WHEREFORE, Plaintiff prays for judgment as set forth below.

\\\

\\\

**COUNT II**

**(Vicarious Copyright Infringement)**

39. IMAGE ONE incorporates by reference paragraphs 1 through 38 herein above as though the same were set forth in full herein.

40. IMAGE ONE is informed and believes, and based thereon alleges, that where Defendants did not directly engage in conduct that amounted to the unauthorized exploitation of IMAGE ONE's copyrighted works, Defendants were given and received infringing copies or derivations of IMAGE ONE work that was impermissibly reproduced by Defendants' advertising clients.

41. By publishing the infringing copies of IMAGE ONE's copyrighted works in its yellow page directories that Defendants received from its advertising clients, Defendants possessed the right and ability to supervise further infringing conduct by its advertising clients which occurred through the publication of said directories.

42. Defendants further had, and continue to have, an obvious and direct financial interest in the exploitation of IMAGE ONE's copyrighted materials insofar as Defendants have a direct financial interest in the publication of advertisements that Defendants prepare for their clients.

43. Defendants' conduct vicariously infringes IMAGE ONE's exclusive copyrights in its original artwork in direct violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

44. As a direct and proximate result of Defendants' wrongful acts alleged above, IMAGE ONE seeks actual damages to compensate it for the loss of profits that Defendants have caused; to compensate it for the loss to the reputation and market value of Plaintiff's work that Defendants have caused; and to require Defendants to disgorge and turn over to Plaintiff all of the profits that Defendants have made as a result of their reduction in cost by virtue of having failed to compensate Plaintiff for Plaintiff's work. To date IMAGE ONE has discovered 26 advertisements published by Defendants that are in violation of IMAGE ONE's Registered Works.

\\\

\\\

45. For these discovered infringements, Defendants have gained an estimated $500,000.00 in profits while IMAGE ONE has lost at least $55,395.00 in revenue for a total of $555,395.00 in actual damages. Based upon information and belief, in view of the percentage of Defendants' ads that IMAGE ONE has reviewed compared with those not yet reviewed, IMAGE ONE alleges that there were an estimated 274 additional violating advertisements that IMAGE ONE has not yet discovered, bringing the total to 300 estimated violating ads. IMAGE ONE is informed and believes, and based thereon alleges, the actual damages for the estimated 300 violating ads will be $4,500,000. .

46. Alternatively, as a direct and proximate result of the acts alleged above, IMAGE ONE may instead elect to seek statutory damages under 17 U.S.C. § 504(c), in lieu of actual damages, to compensate it for the loss of profits that Defendants have caused based on Defendants' infringement of IMAGE ONE's federally registered works. For each of the statutory violations IMAGE ONE respectfully asserts that it is entitled to $150,000.00 per violation due to the willful nature of Defendants' infringement. The total statutory damages claimed on the 26 advertisements discovered by IMAGE ONE to date is thus $3,900,000. Based upon the fact that IMAGE ONE, to date, has only viewed a percentage of Defendants' total yellow pages books and internet ads, based upon information and belief, IMAGE ONE alleges that a total of approximately 274 additional advertisements remain undiscovered by IMAGE ONE, which together with the 26 discovered infringing advertisements, totals approximately 300 advertisements are in violation of IMAGE ONE's federally registered artwork and will qualify for statutory damages. Accordingly, IMAGE ONE is informed and believes, and based thereon alleges, the damages for these undiscovered federally registered advertisements will total in excess of $5,000,000.

47. In addition to statutory damages or actual damage and lost profits, IMAGE ONE is entitled to the recovery of attorney's fees for the collection of its damage claim pursuant to 17 U.S.C. § 505.

48. Finally, as a result of Defendants' acts, IMAGE ONE has suffered, and continues to suffer, irreparable harm and injury as a result of Defendants' conduct as it did not benefit from the sale of these designs. In many cases the poor quality of the reproductions produced an

advertisement appearing far below IMAGE ONE's standards and is reflecting negatively on its products and services. Accordingly, IMAGE ONE has no adequate remedy at law, and is entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of infringement of IMAGE ONE's original artwork.

WHEREFOR, Plaintiff prays for judgment as set forth below.

**COUNT III**

**(Contributory Copyright Infringement)**

49. IMAGE ONE incorporates by reference paragraphs 1 through 48 herein above as though the same were set forth in full herein.

50. IMAGE ONE is informed and believes, and based thereon alleges, that where Defendants did not directly engage in conduct that amounted to the unauthorized exploitation of IMAGE ONE's copyrighted works, Defendants were given and received infringing copies or derivations of IMAGE ONE work that was impermissibly reproduced by Defendants' advertising clients. In addition, Defendants, and each of them, on information and belief, entered into a contract or contracts with other Defendant or Defendants, by which each Defendant and its Defendant related entities provided, and continue to provide, telephone directories for each other Defendant and customers. In preparing such directories for Defendants' customers, Each Defendant, and its related entity defendants have continued to use infringing images previously used by each other Defendant, and their related entities, such that each Defendant continued to derive a profit from the copyright infringement performed by each other Defendant and its related entity defendants. Each such Defendant knew of the nature and copyright protection attributable to Plaintiff's work by virtue of the previously settled copyright infringement litigation mentioned above, and each Defendant thus had actual knowledge of the continued infringement after any expiration of any the temporary license. Moreover, each Defendant therefor had actual knowledge sufficient to inform each infringing Defendant that the directories prepared for by such Defendant under said contract, were infringing on Plaintiff's copyrights, and Defendant, or Defendants continued to infringe on said copyrights by making use of the each other Defendant directories

prepared under contract for with each other Defendant customers.

51. Defendants knew or should have known that the unauthorized reproductions or derivations of IMAGE ONE's copyrighted works that Defendants received from their advertising clients were infringing works, and by furnishing the means and materials by which said work could be further infringed in Defendants' yellow page directories, Defendants induced, caused, and materially contributed to the infringing conduct of its advertising clients.

52. In furnishing the means and materials by which IMAGE ONE's copyrighted works could be impermissibly reproduced or altered in Defendants' yellow page directories, Defendants either knew that the work it received from its advertising clients was illegitimate, or, alternatively, where Defendants lacked such prior knowledge, Defendants should have known the works were illegitimate because Defendants failed to reasonably investigate or inquire as to whether the artwork it received from its clients was original work or an authorized copy licensed by the true copyright owner. Moreover, Defendants either knew that the work it received from other Defendants, and its related entity defendants, was illegitimate, or, alternatively, where Defendants lacked such prior knowledge, Defendants should have known the works were illegitimate because Defendants failed to reasonably investigate or inquire as to whether the artwork it received in the directories prepared by Defendants under contract with Defendants was an authorized copy licensed by the true copyright owner.

53. Defendants further had, and continue to have, an obvious and direct financial interest in the exploitation of IMAGE ONE's copyrighted materials insofar as Defendants have profited from the publication of these advertisements it prepares on behalf of its clients, and in that each Defendant has profited from the delivery of the other Defendant directories to Defendant customers, whether identified on the cover as Defendant directories or otherwise.

54. Defendants' conduct contributorily infringes IMAGE ONE's exclusive copyrights in their original artwork in direct violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

55. For these discovered infringements, Defendants have gained an estimated $500,000.00 in profits while IMAGE ONE has lost at least $55,395.00 in revenue for a total of $555,395.00 in actual damages. Based upon information and belief, in view of the percentage of

Defendants' ads that IMAGE ONE has reviewed compared with those not yet reviewed, IMAGE ONE alleges that there were an estimated 274 additional violating advertisements that IMAGE ONE has not yet discovered, bringing the total to 300 estimated violating ads. IMAGE ONE is informed and believes, and based thereon alleges, the actual damages for the estimated 300 violating ads will be $4,500,000.

56. Alternatively, as a direct and proximate result of the acts alleged above, IMAGE ONE may instead elect to seek statutory damages under 17 U.S.C. § 504(c), in lieu of actual damages, to compensate it for the loss of profits that Defendants have caused based on Defendants' infringement of IMAGE ONE's federally registered works. For each of the statutory violations IMAGE ONE respectfully asserts that it is entitled to $150,000.00 per violation due to the willful nature of Defendants' infringement. The total statutory damages claimed on the 26 advertisements discovered by IMAGE ONE to date is thus $3,900,000. Based upon the fact that IMAGE ONE, to date, has only viewed a percentage of Defendants' total yellow pages books and internet ads, based upon information and belief, IMAGE ONE alleges that a total of approximately 274 additional advertisements remain undiscovered by IMAGE ONE, which together with the 26 discovered infringing advertisement totals approximately 300 advertisements which are in violation of IMAGE ONE's federally registered artwork and will qualify for statutory damages. Accordingly, IMAGE ONE is informed and believes, and based thereon alleges, the damages for these undiscovered federally registered advertisements will total in excess of $5,000,000.

57. In addition to statutory damages or actual damage and lost profits, IMAGE ONE is entitled to the recovery of attorney's fees for the collection of its damage claim pursuant to 17 U.S.C. § 505.

58. Finally, as a result of Defendants' acts, IMAGE ONE has suffered, and continues to suffer, irreparable harm and injury as a result of Defendants' conduct as it did not benefit from the sale of these designs. In many cases the poor quality of the reproductions produced an advertisement appearing far below IMAGE ONE's standards and is reflecting negatively on its products and services. Accordingly, IMAGE ONE has no adequate remedy at law, and is entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives,

and all persons acting in concert with them, from engaging in further acts of infringement of IMAGE ONE's original artwork.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**COUNT IV**

**(False Designation of Origin Under Section 43(a) of the Lanham Act [15 U.S.C. §1125(a)])**

59. IMAGE ONE incorporates by reference paragraphs 1 through 58 herein above as though the same were set forth in full herein.

60. IMAGE ONE creates high-end, inherently distinctive, three-dimensional yellow page advertisements custom tailored to their clients' needs. These yellow page advertisements are published in numerous telephone directories nationwide.

61. IMAGE ONE has expended considerable time, effort and sums of money developing, publishing and disseminating promotional artwork and advertising materials that exemplify the distinctiveness of its artwork as compared to the more generic, low quality yellow-page artwork that is prepared and produced in-house by the various large yellow page publishers throughout the United States.

62. As a result of IMAGE ONE's activities and efforts in this regard, the yellow page advertisement industry and the public at large who purchase yellow page advertisements and artwork on a regular basis have come to identify the unique and distinctive configuration and trade dress associated with IMAGE ONE's business. Evidence of this association is supported by an independent study that was conducted by Gerald Lohse of the Wharton School of business in Pennsylvania, which concluded that IMAGE ONE artwork was four times more effective than a typical "Black and White" yellow page advertisement in its ability to generate customer responses compared to the standard advertisement produced elsewhere. As such, IMAGE ONE artwork has created a distinct visual and source identifying impression in the minds of yellow page advertising consumers to such a degree that this unique artwork has acquired secondary meaning associating it with IMAGE ONE's business.

\\\

63. Defendants have willfully developed, produced, adapted and distributed to the public in this District and in other locations in the United States, promotional artwork and advertising materials which appropriate IMAGE ONE's configuration, design and trade dress, which has consisted of modified yellow page advertisements, created by IMAGE ONE, for their clients, without the permission of IMAGE ONE. On many of these infringing advertisements Defendants have willfully left the IMAGE ONE copyright symbol in place. These modified advertisements are not representative of IMAGE ONE's quality work, and are in fact are poorly composed and printed, as such these advertisements could be viewed by the public as unprofessional work created by IMAGE ONE.

64. In addition, Defendants have willfully removed the IMAGE ONE copyright notation from some IMAGE ONE artwork and advertising materials, and have copied the IMAGE ONE designs while replacing the copyright notation with Defendants' own copyright notation, knowing that the work was in fact created and copyright protected by IMAGE ONE.

65. Defendants have willfully placed their versions of the IMAGE ONE artwork in interstate commerce, as they have reprinted and published yellow page advertisements for businesses throughout the country, in numerous phone books nationwide and in yellow pages websites on the internet. As such, Defendants have willfully passed-off IMAGE ONE artwork as their own, thereby misleading the public into believing that said artwork is titled to and originated with Defendants and/or their clients who purchased yellow page advertising space in Defendants' published directories.

66. Defendants' conduct has confused and is likely to confuse the public and violates 15 U.S.C. § 1125(a), popularly titled Section 43(a) of the Lanham Act.

67. As a direct and proximate result of Defendants' wrongful acts alleged above, IMAGE ONE seeks actual damages pursuant to Section 35 of the Lanham Act to compensate it for the loss of profits that Defendants have caused, including Plaintiff's lost profits, damages incurred as a result of the erosion of the market price for Plaintiff's work, loss of goodwill, and the expense of any corrective advertising that may be needed to counteract the damage and to mitigate future damages.

68. For these 26 discovered infringements, Defendants have gained an estimated $500,000.00 in profits while IMAGE ONE has lost at least $55,395.00 in revenue for a total of $555,395.00 in actual damages. Based upon information and belief, in view of the percentage of Defendants' ads that IMAGE ONE has reviewed compared with those not yet reviewed, IMAGE ONE alleges that there were an estimated 274 additional violating advertisements that IMAGE ONE has not yet discovered, bringing the total to 300 estimated violating ads. IMAGE ONE is informed and believes, and based thereon alleges, the actual damages for the estimated 300 violating ads will be $4,500,000.

69. In addition to actual damages and lost profits, IMAGE ONE seeks recovery of reasonable attorneys' fees and treble damages set forth under 15 U.S.C. § 1117 based on the information and belief that Defendants' conduct was willful and intentional.

70. Finally, as a result of Defendants' acts, IMAGE ONE has suffered, and continues to suffer, irreparable harm and injury as a result of Defendants' conduct as it did not benefit from the sale of these advertising designs. In many cases the poor quality of the reproduction produced an advertisement appearing far below IMAGE ONE's standards reflecting negatively on its products and services. As many of these designs still have the IMAGE ONE mark, the substandard quality of the reproduction negatively reflects on IMAGE ONE's otherwise quality product, thus harming IMAGE ONE's business reputation. Accordingly, IMAGE ONE has no adequate remedy at law, and is entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of infringement, and from further commercially passing-off IMAGE ONE's Trademark, Tradename, Service Mark and/or Trade Dress as belonging to Defendants.

## COUNT V

**(Unfair Business Practices - California Business & Professions Code §§ 17200, et seq)**

71. IMAGE ONE incorporates by reference paragraphs 1 through 70 herein above as though the same were set forth in full herein.

72. Any person or entity who has engaged, is engaging, or threatens to engage in unfair competition may be enjoined in any court of competent jurisdiction. (Cal. Bus. &

Prof.Code §§ 17201, 17203.) Unfair competition includes any unlawful, unfair or fraudulent business act or practice and unfair deceptive, untrue or misleading advertising. (Cal. Bus. & Prof.Code § 17200. See also ABC International Traders, Inc. v. Matsushita Electric Corp. of America, 14 Cal.4th 1247, 1268, n. 11, (1997). Business conduct need not be illegal to be enjoined under § 17203. (See State Farm Fire & Casualty Co. v. Superior Court, 45 Cal.App.4th 1093, 1103 (1996) (holding that a breach of the duty of good faith and fair dealing will support an injunction under § 17200). Rather, the test ... is that a practice merely be unfair. (Allied Grape Growers v. Bronco Wine Co., 203 Cal.App.3d 432, 452 (1988). This requires that the court balance the impact of the practice or act on its victim ... against the reasons, justifications and motives of the alleged wrongdoer. (Klein v. Earth Elements, Inc., 59 Cal.App.4th 965, 969 (1997); Marshall v. Standard Ins. Co., 214 F. Supp. 2d 1062, 1066-67 (Cal. 2000).

73. Defendants and each of them has engaged in unlawful, unfair or fraudulent business acts with by publishing deceptive, unfair or misleading advertising. Defendants have collected a premium from clients by illegally utilizing artwork created by IMAGE ONE.

74. Defendants have done so without seeking permission from or providing payment to IMAGE ONE. In this way, the Defendants and each of them have cut IMAGE ONE out of each deal arranged by the Defendants even though Defendants and each of them is fully aware of the procedure by which IMAGE ONE provides approval for use of its artwork.

75. Defendants have done so in order to obtain maximum profit from each third party client. Defendants also are motivated by the goal of creating a catalog of types of artwork are used with impunity throughout the Defendants business. In this way, the Defendants gradually erode the full panoply of rights afforded to an artist under the laws of this country.

76. Defendants conduct in committing violations of the unfair business and practices act have directly and legally caused IMAGE ONE to suffer monetary damages where IMAGE ONE has been prevented from collecting the fee it charges for allowing the use of its art.

77. Defendants and each of them are required to disgorge the profits it obtained as a direct result of the unlawful conduct as set forth here.

**PRAYER FOR RELIEF**

WHEREFORE, IMAGE ONE prays for judgment against Defendants, and each of them, as follows:

**ON COUNT 1:**

1. That the Court find Defendants have infringed IMAGE ONE's copyrights in the Subject Work;

2. That the Court find a substantial likelihood that Defendants will continue to infringe IMAGE ONE's copyrights in the Subject Works unless enjoined from doing so;

3. That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert of privity or in participation with them, be enjoined from directly or indirectly infringing IMAGE ONE's copyrights in the Subject Works or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Subject Work or to participate or assist in any such activity;

4. That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert of privity or in participation with them, be enjoined to return to IMAGE ONE any and all originals, copies, facsimiles, or duplicates of the subject work in their possession, custody or control;

5. That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert of privity or in participation with them, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers, and distributors and all others known to Defendants, any originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright of the Subject Work;

6. That Defendants be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles or duplicates of any work shown by the evidence to infringe any copyright in the Subject Work;

\\\

\\\

7. That Defendants be required to file with the Court and serve on IMAGE ONE, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order;

8. That judgment be entered for IMAGE ONE and against Defendants for IMAGE ONE's actual damages according to proof, and for any profits attributable to infringements of IMAGE ONE's copyrights, in accordance with proof, in the sum of $4,500,000 or according to proof;

9. That judgment be entered for IMAGE ONE and against Defendants for statutory damages based upon Defendants' acts of infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq, in excess of the sum of $5,000,000;

10. That Defendants be required to account for all gains, profits, and advantages derived from its acts of infringement and for their other violations of law;

11. That all gains, profits and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of IMAGE ONE, and that this Court order an accounting of all such gains, profits and advantages subject to said trust so as to order all such assets disgorged to the Plaintiff;

12. That IMAGE ONE have judgment against Defendants for IMAGE ONE's costs and attorneys' fees; and

13. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

**ON COUNTS II and III**:

1. That the Court find Defendants have vicariously and contributorily infringed IMAGE ONE's copyrights in the Subject Work by facilitating the direct infringement of the Subject Works engaged in by Defendants' advertising clients;

2. That the Court find a substantial likelihood that Defendants will continue to vicariously and contributorily infringe IMAGE ONE's copyrights in the Subject Works unless enjoined from doing so;

3. That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert of privity or in participation with them, be enjoined from directly or indirectly infringing IMAGE ONE's copyrights in the Subject Works or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Subject Work or to participate or assist in any such activity;

4. That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert of privity or in participation with them, be enjoined to return to IMAGE ONE any and all originals, copies, facsimiles, or duplicates of the Subject Work in their possession, custody or control;

5. That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert of privity or in participation with them, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers, and distributors and all others known to Defendants, any originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright of the Subject Work;

6. That Defendants be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles or duplicates of any work shown by the evidence to infringe any copyright in the Subject Work;

7. That Defendants be required to file with the Court and serve on IMAGE ONE, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order;

8. That judgment be entered for IMAGE ONE and against Defendants for IMAGE ONE's actual damages according to proof, and for any profits attributable to infringements of IMAGE ONE's copyrights, in accordance with proof, in the sum of $4,500,000, or according to proof;

9. That judgment be entered for IMAGE ONE and against Defendants for statutory damages based upon Defendants' acts of infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq, in the sum in excess of $5,000,000;

10. That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law;

11. That all gains, profits and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of IMAGE ONE, and that this Court order an accounting of all such gains, profits and advantages subject to said trust so as to order all such assets disgorged to the Plaintiff;

12. That IMAGE ONE have judgment against Defendants for IMAGE ONE's costs and attorneys' fees; and

13. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

**ON COUNT IV:**

1. That Defendants, their officers, agents and servants and all persons acting in concert with them be temporarily restrained, preliminarily enjoined during the pendency of this action and permanently enjoined thereafter from infringing in any manner, as well as passing off as its own, IMAGE ONE's service marks, trade marks, and trade dress embodied in any and all of its original artwork;

2. That Defendants, their officers, agents and servants and all persons acting in concert with them be temporarily restrained, preliminarily enjoined during the pendency of this action and permanently enjoined thereafter from all false designation of the origin of trademarks, trade dresses and service marks contained in IMAGE ONE's work;

3. That Defendants be required to deliver to the Court for impoundment and destruction all materials that infringe IMAGE ONE's service marks, trademarks, and trade dress embodied in any and all of their original artwork;

4. For actual damages and disgorgement of profits, according to proof at trial, in the sum of $4,500,000 pursuant to 17 U.S.C. § 1125 (a);

\\\

\\\

5. That all gains, profits and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of IMAGE ONE, and that this Court order an accounting of all such gains, profits and advantages subject to said trust so as to order all such assets disgorged to the Plaintiff;

6. In addition to actual damages and lost profits, IMAGE ONE seeks recovery of reasonable attorneys' fees and treble damages set forth under 15 U.S.C. § 1117 based on the information and belief that Defendants' conduct was willful and intentional.

7. For attorney's fees under 15 U.S.C. § 1117;

8. For costs of suit incurred herein; and

9. For such other and further relief as the Court deems just and proper.

**ON COUNT V:**

1. That Defendants, their officers, agents and servants and all persons acting in concert with them be temporarily restrained, preliminarily enjoined during the pendency of this action and permanently enjoined thereafter from infringing in any manner, as well as passing off as its own, IMAGE ONE's service marks, trade marks, and trade dress embodied in any and all of its original artwork;

2. That Defendants, their officers, agents and servants and all persons acting in concert with them be temporarily restrained, preliminarily enjoined during the pendency of this action and permanently enjoined thereafter from all false designation of the origin of trademarks, trade dresses and service marks contained in IMAGE ONE's work;

3. That Defendants be required to deliver to the Court for impoundment and destruction all materials that infringe IMAGE ONE's service marks, trademarks, and trade dress embodied in any and all of their original artwork;

4. For actual damages and disgorgement of profits, according to proof at trial;

5. That all gains, profits and advantages derived by Defendants from their acts be deemed to be held in constructive trust for the benefit of IMAGE ONE, and that this Court order an accounting of all such gains, profits and advantages subject to said trust so as to order all such assets disgorged to the Plaintiff;

6. In addition to actual damages and lost profits, IMAGE ONE seeks recovery of reasonable attorneys' fees and treble damages set forth under 15 U.S.C. § 1117 based on the information and belief that Defendants' conduct was willful and intentional.

7. For attorney's fees under 15 U.S.C. § 1117;

8. For costs of suit incurred herein; and

9. For such other and further relief as the Court deems just and proper.

Dated: April 4, 2012

MILTNER LAW GROUP, APC

By: [signature]
William L. Miltner, Esq.
Walter E. Menck, Esq.
Attorneys for Plaintiff LISA McCONNELL, INC., d.b.a IMAGE ONE

**[PLAINTIFFS DEMAND JURY TRIAL PER F.R.C.P. 38]**

G:\04425\027\Pleadings\Complaint 4.4.12.wpd

UNITED STATES DISTRICT COURT, ~~CENTRAL~~ SOUTHERN DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

FILED
2012 APR -5 PM 2:01
CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Lisa McConnell, Inc., d.b.a. IMAGE ONE, a California Corporation

**DEFENDANTS**
AT&T ADVERTISING, L.P. dba AT&T ADVERTISING SOLUTIONS, et al.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
William Miltner, Esq.
Miltner, Polk & Menck, APC
402 W. Broadway, Suite 800, San Diego, CA 92101 (619) 615-5333

Attorneys (If Known)

'12CV0840 JAH DHB

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ~~☑ 4 Diversity (Indicate Citizenship of Parties in Item III)~~ (aef)

**III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only** (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ~~☑ 4~~ (aef) | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ~~☑ 5~~ (aef) |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ **MONEY DEMANDED IN COMPLAINT: $** 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. Section 1125(a)

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☑ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: ______________________

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**



37231 $350 – TB 04/05/12

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware<br>Delaware<br>Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] Date 4/5/12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS037231
Cashier ID: mbain
Transaction Date: 04/05/2012
Payer Name: MILTNER POLK MENCK

---

CIVIL FILING FEE
For: MCCONNELL V ATT ADVERTISING
Case/Party: D-CAS-3-12-CV-000840-001
Amount: $350.00

---

CHECK
Check/Money Order Num: 5870
Amt Tendered: $350.00

---

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

There will be a fee of $53.00
charged for any returned check.